UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL BEYRIES,                                     No. 10-13482

                            Debtor(s).
_____/

NORTHBAY WELLNESS GROUP and
DONA FRANK,

                            Plaintiff(s),

     v.                                       A.P. No. 10-1181

MICHAEL BEYRIES,

                            Defendant(s).
_____/

## Memorandum After Trial

         Plaintiff Northbay Welllness Group ("NWG") is a corporation set up to sell medical marijuana. It operated during 2005 and 2006 and generated several million dollars in sales. Plaintiff Dona Frank was its chief executive officer as well as a director. Chapter 7 debtor and defendant Michael Beyries was the attorney for NWG and counseled them on how to conduct their business. By this adversary proceeding, NWG and Frank seek to establish that they have nondischargeable claims against Beyries.

         Prior to bankruptcy, plaintiffs sued Beyries in state court. A jury trial was held, and a detailed verdict with special findings was rendered. While each side argues that principles of issue and claim preclusion apply, neither side moved for summary adjudication. This court accordingly held a full

1

trial.

Plaintiffs' primary allegation is that Beyries advised them not to pay state sales tax. They argue that the advice was wrong, and that they accordingly are each liable for several hundred thousand dollars in unpaid sales taxes. This allegation is rather easily dealt with. Plaintiffs did not even establish that Beyries' advice was wrong; they produced evidence that they have been assessed for the sales tax, but no evidence that the assessment was proper. Even if the assessment was proof that they actually owe sales taxes, there was no proof that Beyries' advice was so baseless as to be malpractice. And even if the advice was malpractice, even the most egregious malpractice does not establish a nondischargeable debt. *Kawaauhau v. Geiger,* 523 U.S. 57, 64 (1998).

Plaintiffs allege that Beyries stole their "trade secrets," being their business model for selling marijuana. Plaintiffs had made the same allegation in state court, but voluntarily dismissed the claim before trial. It may well be that they are precluded from raising the claim here, but it does not matter because they failed to present sufficient evidence to support the claim and completely failed to establish the value of the trade secrets or any other damages stemming from the alleged misappropriation.

During the time Beyries was representing NBW, Frank gave him many thousands of dollars from the sale of marijuana in cash stuffed into envelopes. The funds were not counted, no records were kept, and Beyries gave no receipt. Frank testified that she gave "at least" $25,000.00 to Beyries in this fashion. The evidence established that these funds were not for current legal expenses, but were rather intended as a defense fund in case anyone associated with NBW was prosecuted by state or federal officials. Since the money was not for legal services being performed at the time and there was no fee agreement designating the money as prepaid fees, the conclusion is inescapable that the funds belonged in Beyries' trust account. His failure to properly account for this money was therefore

2

1  nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.[1]

2  However, the court cannot enter a judgment for plaintiffs because they were engaged in
3  unlawful activity. While the sale of marijuana may be legal under state law, it is a serious federal
4  crime which cannot be legalized by a state. *Gonzales v. Raich,* 545 U.S. 1, 29 (2005).

5  A federal court should not lend its judicial power to a plaintiff who seeks to invoke it that
6  power for the purpose of consummating a transaction in clear violation of law. *Johnson v. Yellow Cab*
7  *Co.,* 321 U.S. 383, 387 (1943). The unclean hands doctrine closes the doors of a court to one who is
8  tainted relative to the matter in which he seeks relief, however improper may have been the behavior
9  of the defendant. *E.E.O.C. v Recruit U.S.A., Inc.*, 939 F.2d 746, 752 (9th Cir. 1991). A plaintiff with
10 unclean hands is not entitled to a judgement of nondischargeability from a bankruptcy court. *In re*
11 *Uwimana,* 274 F.3d 806, 810 (4th Cir. 2001); *In re Bromley,* 126 B.R. 220, 223 (Bkrtcy.D.Md.1991).

12 The finding of unclean hands is not one which the court makes lightly or automatically. It is
13 very unseemly for the court to be asked to grant relief to a plaintiff which claims it lost its cash from
14 illegal drug sales by shoving it into envelopes and then delivering it to its attorney, uncounted and
15 undocumented. This is hardly the behavior of a legitimate business. While the conduct of the parties
16 may have been legal under state law, in the eyes of a federal court they were conspiring to sell
17 contraband. They were *in pari delicto*, and the funds plaintiffs gave to Beyries were the actual
18 proceeds of illegal drug sales. This is not the sort of case which is supposed to darken the doors of a
19 federal court. See *Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 882 (9th Cir. 2000)(Noonan,

---

[1] The jury called the debt "conversion" and found Beyries liable for $25,000.00, plus $5,000.00 in punitive damages. If NBW was entitled to a judgment from this court, it would be in that amount. Beyries argues that there was no express trust, but the court disagrees. He and Frank used the word "trust" in describing the fund, and he has produced no evidence that the funds were intended to be his. The court makes its finding based on Beyries' improper failure to preserve funds entrusted to him, not his general fiduciary duties under state law.

3

Circuit Judge, dissenting).[2]

For the foregoing reasons, this adversary proceeding will be dismissed. Each side shall bear its own costs. A separate order will be entered.

Dated: November 28, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] Judge Noonan dissented from a finding of jurisdiction, not from application of the unclean hands doctrine to bar relief to the plaintiff.